OPINION
{¶ 1} Defendant, Howard M. Anderson, entered Alford pleas of no contest to two charges of gross sexual imposition, R.C. 2907.05(A)(1), which had been alleged in a bill of information. The court accepted the pleas and entered judgments of conviction. Defendant was sentenced to a term of imprisonment of seventeen months on each charge, the sentences to be served concurrently.
ASSIGNMENT OF ERROR
 {¶ 2} "THE TRIAL COURT ERRED AND ACTED CONTRARY TO LAW BY FAILING TO PROPERLY CONSIDER ALL SENTENCING FACTORS AS REQUIRED BY OHIO STATUTORY LAW AND BY FAILING TO IMPOSE THE MINIMUM SENTENCE REQUIRED."
 {¶ 3} Defendant's offenses are felonies of the fourth degree. R.C. 2907.05(B)(1). The minimum statutory sentence of incarceration for fourth degree felonies is six months. R.C. 2929.14(A)(4). The trial court justified its greater sentences of seventeen months on findings the court made pursuant to R.C. 2929.14(B)(2), that a minimum term would demean the seriousness of Defendant's offense and not adequately protect the public. Defendant argues that the record does not support the findings the court made. However, we need not reach that issue.
 {¶ 4} In State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, the Supreme Court held that the findings the court is mandated by R.C. 2929.14(B) to make violate a defendant's Sixth Amendment right to a jury trial.Id., ¶ 61. Sentences thus imposed must be reversed and the case remanded for resentencing pursuant to Foster if an appeal was pending whenFoster was decided. Id., ¶ 104.
 {¶ 5} Foster was decided on February 27, 2006. Defendant had filed his notice of appeal to this court on January 19, 2006. He is therefore entitled to the benefit that Foster confers on the error Defendant assigns.
 {¶ 6} The assignment of error is sustained. The judgment of the trial court is reversed, in part, and the case is remanded for resentencing per Foster.
BROGAN, J. And DONOVAN, J., concur.